Mock, P.J., concurring in part and dissenting in part.
{¶ 21} While I concur with the majority's determination of appellant's second assignment of error, I would reach a different result on the first. The majority concluded that the trial court failed to apply the proper test when making the determination that Banker's Choice had been denied all economically viable use of the Davis Furniture Building, whether it could have maintained its reasonable investment-backed expectations, and whether it had created or exacerbated its own economic hardship before approving a certificate of appropriateness. I disagree.
{¶ 22} This court's review of the decision of the trial court on administrative appeals is strictly limited. "The standard of review for courts of appeals, however, is limited to questions of law and 'does not include the same extensive power to weigh the preponderance of substantial, reliable and *1277 probative evidence,' as is granted to the common pleas court.' " Henley , 90 Ohio St.3d at 147, 735 N.E.2d 433, quoting Kisil , 12 Ohio St.3d at 34, 465 N.E.2d 848, fn. 4 ; see R.C. 2506.04.
{¶ 23} I begin with the proposition that the trial court set forth the proper factors to consider. The majority agrees on this point, stating that "the trial court correctly identified the law governing its approval or denial of Banker's Choice's application for a certificate of appropriateness," citing the three factors listed in Cincinnati Municipal Code 1435-09-2(b). Agreeing as we do that the trial court cited the appropriate criteria, we next consider whether the trial court considered this criteria in making its decision.
{¶ 24} In its analysis, the trial court discussed the inability of Banker's Choice to sell the property as an alternative to seeking the demolition of the buildings. The trial court concluded that "the fact * * * that no one purchased the building is substantial evidence that any real or perceived economic hardship as to Appellants was not relieved." The majority indicates that this statement "truncated" its analysis, and that the trial court did not consider the appropriate factors under Cincinnati Municipal Code 1435-09-02(b). But the trial court did not limit its analysis to this consideration.
{¶ 25} The trial court also concluded that the decision issued by the magistrate on this point was "appropriate, fair, and [a] just finding." The trial court also concluded that the magistrate "followed the law on the economic hardship aspect" of the analysis. In his decision, the magistrate set forth in detail how Banker's Choice met its burden, by a preponderance of the evidence, to show that the factors set forth in Cincinnati Municipal Code 1435-09-2(b) point to issuance of the certificate of appropriateness. In eight pages of his 25-page decision, the magistrate set forth the testimony that demonstrated that Banker's Choice had proven it was not economically feasible to rehabilitate the building. The analysis, much of which was summarized by the trial court, was sufficient to support the decision below.
{¶ 26} The ability of this court to reverse the decision of a trial court in an administrative appeal is limited to situations where the trial court misapplied the law. See R.C. 2506.04. In this case, the trial court cited the proper factors to consider when deciding whether the issuance of a certificate of appropriateness is warranted. The trial court cited the proper standard of review that it is to apply when both considering the decision of the administrative agency, and the decision of its magistrate. The trial court based its decision in part on its own analysis and in part on its agreement with the substantial analysis already conducted by the magistrate. When read together, the magistrate's analysis and the trial court's own review of the record render the trial court's judgment sufficiently complete to permit this court to affirm under the limited legal-error analysis provided by R.C. 2506.04. I would overrule the first assignment of error.